FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 1 4 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMANDA U. AJULUCHUKU, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:05-MI-0251 |
| SOUTHERN NEW ENGLAND SCHOOL OF LAW, et al., | |
| Defendants. | |
| | |
| AMANDA U. AJULUCHUKU, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:05-MI-0252 |
| WENDYS INTERNATIONAL, INC. | |
| Defendant. | |
| | |
| AMANDA U. AJULUCHUKU, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:05-MI-0253 |
| MARRIOTT INTERNATIONAL INC., | |
| Defendant. | |

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

          Plaintiff,

    v.

GAITHERSBURG GAZETTE, et al.,

          Defendants.

CIVIL ACTION FILE NO.
1:05-MI-254


AMANDA U. AJULUCHUKU,

          Plaintiff,

    v.

NRI STAFFING RESOURCES,

          Defendant.

CIVIL ACTION FILE NO.
1:05-MI-0255


AMANDA U. AJULUCHUKU,

          Plaintiff,

    v.

RANDSTAD NORTH AMERICA,

          Defendant.

CIVIL ACTION FILE NO.
1:05-MI-0256


AMANDA U. AJULUCHUKU,

          Plaintiff,

    v.

WASHINGTON MUTUAL INC.,

          Defendant.

CIVIL ACTION FILE NO.
1:05-MI-0257

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

ONE EMPLOYMENT SVC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0258

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

METRO TRANSIT,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0259

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

VOLT INFORMATION SCIENCES, INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0260

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

HUEY AND ASSOCIATES,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0261

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

KELLY SERVICES, INC.,

        Defendant.

CIVIL ACTION FILE NO.
1:05-MI-0262

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

T-MOBILE USA INC.,

        Defendant.

CIVIL ACTION FILE NO.
1:05-MI-0263

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

ALASKA AIRLINES INC.,
(Seattle)

        Defendant.

CIVIL ACTION FILE NO.
1:05-MI-0264

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

SIERRA HEALTH SERVICE, et al.,

        Defendants.

CIVIL ACTION FILE NO.
1:05-MI-0265

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

UNIVERSITY OF
MASSACHUSETTS,
DARTMOUTH,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0266

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

SUPERSHUTTLE,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0267

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

BOEING,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0268

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

AJILON FINANCE OF ADECCO
USA,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0269

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

       Plaintiff,

   v.

MCI, INC.,

       Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0270

---

AMANDA U. AJULUCHUKU,

       Plaintiff,

   v.

SEATTLE PUBLIC LIBRARY (SPL),

       Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0271

---

AMANDA U. AJULUCHUKU,

       Plaintiff,

   v.

WASHINGTON STATE PATROL, et al.,

       Defendants.

CIVIL ACTION FILE NO.

1:05-MI-0272

---

AMANDA U. AJULUCHUKU,

       Plaintiff,

   v.

UNIVERSITY OF WASHINGTON,

       Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0273

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

BALTIMORE COUNTY
DEPARTMENT OF SOCIAL
SERVICES,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0274

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

BALTIMORE COUNTY POLICE,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0275

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

PACE STAFFING NETWORK,
INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0276

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

ADECOO USA,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0277

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

SMART TALENT,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0278

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

VERIZON COMMUNICATIONS, INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0279

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

ACCOUNTEMPS OF ROBERT HALF, (Washington)

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0280

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

SEATTLE MENTAL HEALTH,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0281

AMANDA U. AJULUCHUKU,

         Plaintiff,

    v.

ALLYSON GARDEN
APARTMENTS,

         Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0282

AMANDA U. AJULUCHUKU,

         Plaintiff,

    v.

EARTH LINK INC.,

         Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0302

## ORDER FOR SERVICE OF ORDER AND REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rules LR 73 and LCrR 58.1. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within ten (10) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and

shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of the factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050, 104 S. Ct. 729, 79 L. Ed. 2d 189 (1984).

The clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 14th day of November, 2005.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 1 4 2005

LUTHER D. THOMAS, Clerk
BY: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

SOUTHERN NEW ENGLAND
SCHOOL OF LAW, et al.,

        Defendants.

CIVIL ACTION FILE NO.

1:05-MI-0251


AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

WENDYS INTERNATIONAL, INC.

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0252


AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

MARRIOTT INTERNATIONAL
INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0253

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

GAITHERSBURG GAZETTE, et al.,

        Defendants.

CIVIL ACTION FILE NO.

1:05-MI-254

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

NRI STAFFING RESOURCES,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0255

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

RANDSTAD NORTH AMERICA,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0256

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

WASHINGTON MUTUAL INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0257

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

ONE EMPLOYMENT SVC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0258

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

METRO TRANSIT,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0259

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

VOLT INFORMATION SCIENCES, INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0260

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

HUEY AND ASSOCIATES,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0261

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

    Plaintiff,     CIVIL ACTION FILE NO.

  v.         1:05-MI-0262

KELLY SERVICES, INC.,

    Defendant.

AMANDA U. AJULUCHUKU,

    Plaintiff,     CIVIL ACTION FILE NO.

  v.         1:05-MI-0263

T-MOBILE USA INC.,

    Defendant.

AMANDA U. AJULUCHUKU,

    Plaintiff,     CIVIL ACTION FILE NO.

  v.         1:05-MI-0264

ALASKA AIRLINES INC.,
(Seattle)

    Defendant.

AMANDA U. AJULUCHUKU,

    Plaintiff,     CIVIL ACTION FILE NO.

  v.         1:05-MI-0265

SIERRA HEALTH SERVICE, et al.,

    Defendants.

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

UNIVERSITY OF
MASSACHUSETTS,
DARTMOUTH,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0266

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

SUPERSHUTTLE,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0267

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

BOEING,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0268

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

AJILON FINANCE OF ADECCO
USA,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0269

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

MCI, INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0270

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

SEATTLE PUBLIC LIBRARY
(SPL),

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0271

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

WASHINGTON STATE PATROL,
et al.,

        Defendants.

CIVIL ACTION FILE NO.

1:05-MI-0272

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

UNIVERSITY OF WASHINGTON,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0273

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

BALTIMORE COUNTY
DEPARTMENT OF SOCIAL
SERVICES,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0274

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

BALTIMORE COUNTY POLICE,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0275

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

PACE STAFFING NETWORK,
INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0276

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

ADECOO USA,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0277

AO 72A
(Rev.8/82)

| | |
|---|---|
| AMANDA U. AJULUCHUKU,<br><br>   Plaintiff,<br><br> v.<br><br>SMART TALENT,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>1:05-MI-0278 |
| AMANDA U. AJULUCHUKU,<br><br>   Plaintiff,<br><br> v.<br><br>VERIZON COMMUNICATIONS,<br>INC.,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>1:05-MI-0279 |
| AMANDA U. AJULUCHUKU,<br><br>   Plaintiff,<br><br> v.<br><br>ACCOUNTEMPS OF ROBERT<br>HALF,<br>(Washington)<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>1:05-MI-0280 |
| AMANDA U. AJULUCHUKU,<br><br>   Plaintiff,<br><br> v.<br><br>SEATTLE MENTAL HEALTH,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>1:05-MI-0281 |

AO 72A
(Rev.8/82)

8

AMANDA U. AJULUCHUKU,

          Plaintiff,

    v.

ALLYSON GARDEN
APARTMENTS,

          Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0282


AMANDA U. AJULUCHUKU,

          Plaintiff,

    v.

EARTH LINK INC.,

          Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0302


## ORDER AND WRITTEN OPINION AND
## REPORT AND RECOMMENDATION

On October 13, 2005, this court entered an Order [Doc. 3] in the above-styled cases in which Plaintiff Amanda Ajuluchuku seeks to proceed *in forma pauperis* requiring Plaintiff within twenty-five (25) days of entry of the order to complete the *in forma pauperis* form provided to her by the Clerk's Office and to file an "Application Pursuant to Court Order Seeking Leave to File" for each of the above-referenced cases. In lieu of completing the *in forma pauperis* form and submitting the application, Plaintiff could have paid the full statutory filing fee in each case. [Id. at

9

15-17]. The deadline for Plaintiff's submission of these materials to the court was November 7, 2005. She has not paid the statutory filing fee in any of the cases and continues to seek to proceed *in forma pauperis*. On October 21, 2005, and November 1, 2005, Plaintiff submitted documents to the court in response to the October 13, 2005, court order. For the reasons set forth herein, the court **DENIES** Plaintiff's request to proceed *in forma pauperis* in each of the above-referenced cases and **RECOMMENDS** that the District Court enter a restraining order covering future filings by Plaintiff in this court.

### 1.    Request to Proceed *In Forma Pauperis*

As noted in the order entered on October 13, 2005, on September 2, 2005, Plaintiff filed with the Clerk of Court thirty-two (32) civil complaints, without payment of statutory filing fees, seeking to proceed *in forma pauperis*. On September 30, 2005, Plaintiff filed with the Clerk of Court an additional civil complaint, without payment of statutory filing fees, seeking to proceed *in forma pauperis*.[1]

---

[1]On February 2, 2005, Plaintiff filed another civil complaint, without payment of statutory filing fees, and was granted *in forma pauperis* status. [Ajuluchuku v. National Distributing Company, 1:05-cv-446 (N.D. Ga., District Judge Carnes)]. That case is before the District Court on a motion to dismiss for failure to state a claim and for sanctions. [1:05-cv-446, Doc. 14].

Because of the numerous concerns with Plaintiff's requests to proceed *in forma pauperis* and with the allegations in the complaints, as outlined in the October 13, 2005, order, and because of Plaintiff's abusive and vexatious litigation history, also outlined in that order,[2] the court directed that Plaintiff complete a new *in forma pauperis* form for each case and submit an application for each case providing the following information:

    (a)    A copy of all complaints filed by Plaintiff (on her behalf or on behalf of a family member) during the last thirty-six (36) months, in federal or state court, against the defendant(s) named in the above-styled cases and, along with a copy of each such complaint, a copy of all court orders entered for each case resulting from the filing of the complaint.

---

[2]The court notes that an updated listing of Plaintiff's civil filings indicates that she has filed five (5) additional cases in five (5) district courts against five (5) defendants, including two (2) of the defendants named in two (2) of the thirty-three (33) cases pending in this district.   Those cases are:   Ajuluchuku v. Fedex Corporation, 1:05cv2703 (W.D. Tenn. September 23, 2005); Ajuluchuku v. American Online, Inc., 1:05cv1093 (E.D. Va. October 5, 2005); Ajuluchuku v. Wendy's International, Inc., 2:05cv942 (S.D. Ohio October 14, 2005); Ajuluchuku v. Volt Information Sciences, Inc., 1:05cv8773 (S.D. N.Y. October 17, 2005); Ajuluchuku v. Spherion Corporation, 0:05cv61683 (S.D. Fla. October 19, 2005).   The cases filed in Ohio and New York against Wendy's and Volt, respectively, against whom Plaintiff is also seeking to proceed in this court, were closed on October 17, 2005.   The court is left to guess as to the cause of the cases being closed because, as will be set forth *infra*, Plaintiff did not comply with the court's October 13, 2005, directive to include each and every order entered in cases brought in other districts against the defendants named in the cases pending in this district.

11

(b)     A copy of any injunction or restraining order entered against Plaintiff by any federal or state court restricting, limiting or prohibiting Plaintiff's filing of lawsuits or complaints.

(c)     In each of the above-styled cases seeking recovery for any type of employment discrimination, to the extent administrative remedies were exhausted, a copy of each charge/complaint filed with the EEOC and a copy of each Right to Sue Letter received from the EEOC. If Plaintiff did not administratively exhaust a claim, a statement: "Did not seek administrative exhaustion."

(d)     For each of the above-styled cases, a concise statement establishing this court's personal jurisdiction, if any, over the named Defendant(s).

(e)     For each of the above-styled cases and for each cause of action asserted, a concise and brief statement of facts stating a claim upon which relief can be granted. Each cause of action must be specifically identified by Constitutional right allegedly violated or by federal or state statutory provision allegedly violated.

(f)     For each case, an affirmation signed by Plaintiff stating that the filing complies with all requirements of Federal Rule of Civil Procedure 11.

[Doc. 3 at 16-17].   The court also specifically directed Plaintiff to prepare a supplemental filing for each case "which contains only that information and/or materials pertinent to each case." [Id. at 15 n. 5]. Plaintiff did not comply with the court's order.

First, as regards the materials required to be filed in response to paragraphs (a) and (b) *supra*, Plaintiff submitted one voluminous, unorganized, jumbled assortment

12

of court orders, docket sheets, complaints, letters and other miscellaneous papers

which was docketed in Ajuluckuku v. Southern New England School of Law,

1:05mi251 (N.D. Ga. September 2, 2005), and failed to separate the materials as part

of the application for each pending case.  As filed, the approximately three (3) inch

thick exhibit is useless to the court in evaluating the impact of prior proceedings in

other districts on the claims attempted to be filed in this court and in assessing the

applicability of prior restraining orders on the pending cases.  To the extent the court

did review the materials, the court finds that Plaintiff failed to enclose a copy of all the

restraining orders[3] and failed to enclose a copy of most of the orders entered in other

---

[3]Plaintiff only included the restraining orders, lead case: Ajuluchuku v. Kelly Services, Inc., C04-2311RBL (W.D. Wash. February 4, 2005), and In Re Ajuluchuku, MS05-5018RBL (W.D. Wash. July 25, 2005), entered in the Western District of Washington in the materials filed with the court. [1:05mi251, Doc. 6].  She provided dockets for cases filed in the District of Maryland which indicated that restraining orders were entered but no copy of the order.  This court independently obtained a copy of that restraining order, lead case: Ajuluchuku v. Marriott, RDB-05-395 (D. Md. February 15, 2005).  The court has also independently obtained a copy of a restraining order entered by the District of Massachusetts, Ajuluchuku v. University of Massachusetts, C.A. No. 04-124723-DPW (D. Mass. April 29, 2005).  The court notes that in her application filed in 1:05mi251 alleging events occurring in Massachusetts, Plaintiff stated, "No injunction or restraining order has been entered against Plaintiff by any federal or state court restricting, limiting or prohibiting Plaintiff's filing of lawsuits or complaint." [1:05mi251, Doc. 4].  However, Plaintiff subsequently acknowledges in the applications filed in the remaining cases, that the restraining orders located by the court are in effect, including the order in Massachusetts.  In fact, Plaintiff acknowledges in the applications she filed that the restraining orders in effect

13

districts in cases involving Defendants named in the cases pending in this district.[4]

Accordingly, the court finds that Plaintiff is not entitled to proceed *in forma pauperis* in this court on claims either barred in the districts in which the claims have already been brought and dismissed or which should have been brought in other districts but cannot because of the legally entered restraining orders. Plaintiff will not be permitted to circumvent prior court orders by attempting to proceed *in forma pauperis* in this district.[5]

The information Plaintiff provided, or failed to provide, in response to the remaining paragraphs in the court's October 13, 2005, order establishes additional

---

in the identified districts would prevent Plaintiff from filing all but two (2), Ajuluchuku v. Randstad North America, 1:05mi256, and Ajuluchuku v. Earth Link, 1:05mi302, of the claims she attempts to file in this district.

[4]At the time of entry of this order, the court is aware that Plaintiff has filed in other district courts, at least one law suit seeking the relief being sought in this district against twenty-three (23) of the thirty-three (33) named Defendants in the above-styled cases. It is quite likely that, had Plaintiff provided the required documentation for those cases, dismissal would be required in those cases in this district in compliance with the doctrine of *res judicata*. See Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235 (11th Cir. 1999); NAACP v. Hunt, 891 F.2d 1555 (11th Cir. 1990).

[5]A review of the restraining orders which this court was able to locate indicates that not only are the above-styled proceedings precluded by the afore-mentioned restraining orders but that twenty-eight (28) of the cases were specifically the subject of one or more of the prior restraining orders entered in other districts.

14

grounds for denial of *in forma pauperis* status in the above-styled cases.  In paragraph (c), Plaintiff was directed to provide information relative to filing EEOC charges and receiving Right to Sue letters for all cases in which she is alleging employment discrimination.  Plaintiff provided the requested information or indicated that she did not seek administrative exhaustion or does not have the documents required to establish administrative exhaustion.  In this regard, the court finds that, even if allowed to proceed *in forma pauperis*, the following cases would be subject to dismissal with prejudice for failure to comply with the administrative exhaustion requirements[6]:

    1.    <u>Ajuluchuku v. Marriott International, Inc.</u>, 1:05mi253, for Plaintiff's acknowledged failure to comply with administrative exhaustion requirements.

---

[6]Plaintiff is required to establish that she timely filed an EEOC charge, which encompasses all of the claims which she seeks to bring in the pending complaint, <u>see,e.g.</u>, <u>Zipes v. Trans World Airlines</u>, 455 U.S. 385, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982); <u>Riccard v. Prudential Ins. Co.</u>, 307 F.3d 1277, 1291 (11th Cir. 2002); <u>Bonham v. Regions Mortg., Inc.</u>, 129 F. Supp. 2d 1315, 1320 (M.D. Ala. 2001), and that she timely filed, that is, within ninety (90) days of receipt of the right to sue letter, the civil complaint in federal court, <u>see, e.g.</u>, <u>Green v. Union Foundry Company</u>, 281 F.3d 1229, 1233-34 (11th Cir. 2002); <u>Norris v. Florida Dept. of Health and Rehabilitative Services</u>, 730 F.2d 682 (11th Cir. 1984); <u>Law v. Hercules, Inc.</u>, 713 F.2d 691 (11th Cir. 1983); <u>Brown v. Consolidated Freightway</u>, 152 F.R.D. 656, 658-59 (N.D. Ga. 1993).

15

2.   Ajuluchuku v. Gaithersburg Gazette, 1:05mi254, Plaintiff's admission that she does not have the documents to establish timely administrative exhaustion.

3.   Ajuluchuku v. NRI Staffing Resources, 1:05mi255, for Plaintiff's acknowledged failure to comply with administrative exhaustion requirements.

4.   Ajuluchuku v. Boeing, 1:05mi268, for Plaintiff's failure to file the civil complaint within ninety (90) days of receipt of the Right to Sue letter, that is, the letter was received on May 11, 2005; however, the complaint was not filed until September 2, 2005.

5.   Ajuluchuku v. MCI, Inc., 1:05mi270, for Plaintiff's acknowledged failure to comply with administrative exhaustion requirements.

6.   Ajuluchuku v. ADECOO USA, 1:05mi277, for Plaintiff's failure to file the civil complaint within ninety (90) days of receipt of the Right to Sue letter, that is, the letter was received on May 17, 2005; however, the complaint was not filed until September 2, 2005.

7.   Ajuluchuku v. Verizon Communications, Inc., 1:05mi279, for Plaintiff's failure to file the civil complaint within ninety (90) days of receipt of the Right to Sue letter, that is, the letter was received on May 19, 2005; however, the complaint was not filed until September 2, 2005.

8.   Ajuluchuku v. Accountemps of Robert Half, 1:05mi280, for Plaintiff's failure to file the civil complaint within ninety (90) days of receipt of the Right to Sue letter, that is, the letter was received on May 19, 2005; however, the complaint was not filed until September 2, 2005.

Plaintiff also failed to provide a concise statement establishing the court's personal jurisdiction over each named Defendant as required in paragraph (d).

16

Instead, Plaintiff made essentially the same self-serving, non-responsive statement in the application filed in each of the thirty-three (33) pending cases:

> As a Georgia resident, I believe that I have the right to file the above-captioned lawsuit in the federal court in Georgia. Again, Defendants can afford to hire an attorney in Georgia to represent them.  Most importantly, I will be unable to participate in either mediation or trial. Finally, federal courts represent individuals who cannot afford to litigate their cases in the state where the discrimination took place.  Therefore, the federal court in Georgia has personal jurisdiction over the named defendants.  Finally, Jurisdiction is a Federal Question due to my disability.

[1:05mi251, Doc. 4].  Plaintiff provides no authority, and this court has found none, that establishes personal jurisdiction over a defendant on the grounds cited by Plaintiff.  As noted in the October 13, 2005, order, excepting the case filed on September 30, 2005, not a single event alleged in support of Plaintiff's claims for relief in all of the remaining thirty-two (32) cases occurred in or even near the Northern District of Georgia. And, for the majority of the named defendants, Plaintiff alleges no facts (nor, although given the opportunity, did she do so in the application) establishing personal jurisdiction which would subject those Defendants to suit in this district. For example, Plaintiff attempts to sue the Southern New England School of Law for events occurring in Massachusetts; the Gaithersburg Gazette for events occurring in Maryland; Apple One Employment Services for events occurring in

17

California and Washington; King County Metro Transit for events occurring in Washington; Volt Information Sciences for events occurring in Washington; Huey & Associates for events occurring in Maryland; Sierra Health Service for events occurring in Nevada; University of Massachusetts for events occurring in Massachusetts; Supershuttle for events occurring in Maryland; ADECOO for events occurring in Washington; Seattle Public Library for events occurring in Washington; Washington State Patrol for events occurring in Washington; University of Washington for events occurring in Washington; Baltimore County Department of Social Services and Baltimore County Police Department for events occurring in Maryland; Pace Staffing Network for events occurring in Washington; Smart Talent for events occurring in Washington; Accountempts of Robert Half for events occurring in Washington and California; Seattle Mental Health for events occurring in Washington; and Allyson Garden Apartments for events occurring in Maryland. Even if *in forma pauperis* status was accorded Plaintiff in these cases, based on the facts before the court, each of the claims against the named Defendants would be dismissed for lack of personal jurisdiction. See, e.g., Meier v. Sun International Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002); Consolidated Development Corporation v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000); Scelta v.

18

Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1349 (M.D. Fla. 1999); Portera v. Winn Dixie of Montgomery, Inc., 996 F. Supp. 1418, 1423 (M.D. Ala. 1998).

And, Plaintiff failed to comply with the direction set forth in paragraph (e), to provide "a concise and brief statement for each cause of action asserted of *facts* stating a claim upon which relief can be granted." [Doc. 3 at 16](emphasis added). Plaintiff's response in each application to this directive was to simply quote statutory provisions to the court. She failed to offer any facts in support of any of her claims for relief which is especially troubling given the fact that it appears that most of the claims she attempts to assert in this district have been dismissed by other district courts for just that reason: failure to state a claim.

The court finds that Plaintiff failed to comply with this court's order of October 13, 2005. Plaintiff was warned that failure to comply would result in denial of her application to proceed *in forma pauperis* and in each case being administratively closed. The court also finds that, after considering the information provided by Plaintiff and obtained by the court, allowing Plaintiff to proceed *in forma pauperis* in the above-styled cases would ultimately result in the claims being dismissed pursuant to 28 U.S.C. § 1915(e) or upon a Rule 12 motion to dismiss. The court also finds that

19

Plaintiff's attempt to pursue these claims against the named Defendants in this court is nothing more than continuing a pattern of abusive, repetitive and vexatious litigation. A court is granted considerable discretion in limiting abusive and vexatious, as well as frivolous, law suits. Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993). "The only restriction this Circuit has placed . . . is that a litigant cannot be 'completely foreclosed from *any* access to the court.'" Id. (citation omitted). A court has "the inherent power to restrict a litigant's ability to commence abusive litigation *in forma pauperis*." Cello-Whitney v. Hoover, 769 F. Supp. 1155, 1159-60 (W.D. Wash. 1991) (citing In re McDonald, 489 U.S. 180, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989)); see also Maxberry v. SEC, 879 F.2d 222, 224 (6th Cir. 1989) (finding that a litigant's "unsubstantial and vexatious litigation is an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)" and denying *in forma pauperis* status); Nutter v. Wefald, 1997 WL 109973 (D. Kan. February 5, 1997) (noting that the right to access to courts is not absolute nor unconditional and that "[n]o one, rich or poor, is entitled to abuse the judicial process").

20

For all of the reasons stated, the court **DENIES** Plaintiff's requests to proceed *in forma pauperis* in the above-styled cases and **DIRECTS** the Clerk of Court to administratively close each of the above-styled cases.

### 2.    Report and Recommendation

Currently in place is this court's temporary order of October 13, 2005, directing the Clerk of Court to accept no new filings by Amanda Ajuluchuku or in which Ms. Ajuluchuku appears as a plaintiff, unless accompanied by the full statutory filing fee. [Doc. 3].  For the reasons set forth *supra* in denying Plaintiff's request to proceed *in forma pauperis* in the above-styled cases and for the additional reasons and legal authority set forth *infra*, the court **RECOMMENDS** that the District Court enter a restraining order restricting Plaintiff from filing any civil complaints in this court without payment of the full statutory filing fee, accompanied by (1) a certification that neither the claims alleged nor the defendant(s) named therein have been the subject of a prior law suit filed or which Plaintiff attempted to file or are the subject of a pending law suit in any federal or state court and (2) a copy of the restraining order entered by the District Judge in this District and a copy of all other restraining orders entered in any district or state court.

21

Even a cursory review of Plaintiff's history of litigating in federal district court, as outlined *supra* and in the October 13, 2005, order, demonstrates that Plaintiff engages in abusive, frivolous and vexatious litigation. More than one federal district court has entered an order restraining Plaintiff from filing civil complaints because of her pattern of repetitive litigation against the same individuals regarding the same causes of action and because of the fact that most of that litigation is frivolous.[7] Most of the lawsuits which Plaintiff attempted to file in this district are patently frivolous while seeking trillions of dollars in damages. Just a few examples of those lawsuits demonstrates this fact. In the complaint against Wendy's International, Plaintiff seeks two-trillion dollars in damages based on the allegation that when she paid for $1.09 in food with a five dollar bill, included in the change Plaintiff received were counterfeit dollar coins. [1:05mi252, Doc. 2]. In the complaint filed against T-Mobile USA, Plaintiff seeks five-trillion dollars in damages for problems she encountered in receiving a replacement cell phone and for issues related to her phone bill involving a few hundred dollars. [1:05mi263, Doc. 2]. The claims filed against Alaska Airlines,

_____

[7]See Ajuluchuku v. Kelly Services, Inc., C04-2311RBL (W.D. Wash. February 4, 2005); In Re Ajuluchuku, MS05-5018RBL (W.D. Wash. July 25, 2005); Ajuluchuku v. University of Massachusetts, C.A. No. 04-124723-DPW (D. Mass. April 29, 2005); Ajuluchuku v. Marriott, RDB-05-395 (D. Md. February 15, 2005).

Inc., involve the refusal of an airline employee to allow Plaintiff to carry three (3) pieces of luggage on the plane and subjecting Plaintiff to airport security screening. Plaintiff seeks six-trillion dollars in damages for these claims. [1:05mi264, Doc. 2]. In the complaint against Supershuttle, Plaintiff seeks three-trillion dollars in damages because a driver for the company allegedly refused to take her to the airport along with her thirty-two (32) pieces of luggage and because, when the second driver did transport her and her luggage to the airport, she was allegedly overcharged approximately $170 for the trip. [1:05mi267, Doc. 2]. In the complaint filed against the Seattle Public Library, Plaintiff again seeks three-trillion dollars in damages because an employee of the library denied her computer access and access to an electrical outlet to charge her cell phone and because another employee "almost assaulted" Plaintiff. [1:05mi271, Doc. 2]. And, in the claims against Earth Link, Inc., Plaintiff seeks six-trillion dollars in damages because of a dispute over installation of software and because employees yelled at and mistreated her. [1:05mi302, Doc. 2].

As noted *supra*, a court is accorded considerable discretion in determining how to best curb abusive and vexatious litigants. Martin-Trigona, 986 F.2d at 1387. And, as previously stated, a court has "the inherent power to restrict a litigant's ability to commence abusive litigation *in forma pauperis*." Cello-Whitney, 769 F. Supp. at

23

1159-60.  This restriction may include, due to a history of frivolous and abusive *in forma pauperis* filings, an order prospectively prohibiting a litigant from proceeding without paying the full statutory filing fee.  See, e.g., In re Vey, 520 U.S. 303, 117 S. Ct. 1294, 137 L. Ed. 2d 510 (1997) (directing the clerk not to accept any further petitions from Vey because "of her history of frivolous, repetitive filings," unless she first submits the docketing fee); Sassower v. Mead Data Central, Inc., 510 U.S. 4, 114 S. Ct. 2, 126 L. Ed. 2d 6 (1993) (finding that Sassower's abusive filing practices, eleven (11) petitions in the last three (3) years and ten (10) petitions currently pending, justifies denial of *in forma pauperis* status in pending and future cases); Wickliffe v. Anderson, 23 Fed. Appx. 538 (7th Cir. 2001) (due to voluminous history of frivolous litigation, the court sanctioned the plaintiff $500 and barred him from proceeding *in forma pauperis* in future filings); Maxberry, 879 F.2d at 224 (directing the clerk to refuse to accept further filings in which Maxberry seeks to proceed *in forma pauperis* and ordering that he may only proceed on appeal upon payment of the docketing fee). None of the conduct found sanctionable in the cases cited even approaches the level of abusive litigation in which Plaintiff has engaged over the last few years.

Such an order is also appropriate in this case because of the ineffectiveness of other sanctions imposed by courts in other districts which have failed to curtail

24

Plaintiff's filing of frivolous, repetitive law suits. The district courts in Massachusetts, Maryland and Western District of Washington instituted pre-filing screening restrictions which Plaintiff has attempted to circumvent by filing the same or similar law suits in other district courts, including but not limited to, the District of Arizona, Central District of California, District of Columbia, Southern District of Florida, Northern District of Illinois, District of Ohio, District of Nevada, Eastern and Southern Districts of New York, Western District of North Carolina, District of Rhode Island, District of South Carolina, Western District of Tennessee, District of Utah, and Eastern District of Virginia, as well as the thirty-two (32) lawsuits filed in this district having nothing to do with conduct occurring in this district and all being subject to one or more filing restrictions in other districts. Additionally, based on the fact that all but a handful of the numerous law suits Plaintiff has filed to date were summarily dismissed, many for failing to state a claim upon which relief can be granted or for failing to survive the frivolity determination, the court concludes that Plaintiff is aware that the complaints she attempted to file in this district lacked merit and had little or no chance of success. The attempt that this court made to impose a pre-screening requirement for the above-styled cases simply resulted in Plaintiff filing non-responsive applications and voluminous, but incomplete and disorganized,

25

documentation pertaining to her prior lawsuits.   Therefore, the court finds that Plaintiff is proceeding in bad faith and attempting to misuse the judicial system and that imposing the requirement that Plaintiff pay the full statutory filing fee is the only step that may cause Plaintiff to cease the abusive litigation and result in Plaintiff only seeking redress in federal court for meritorious claims over which this court has jurisdiction and which have not been elsewhere resolved.

This recommendation for a restraining order does not include requiring Plaintiff to post a bond with the court in addition to being required to pay the full statutory filing fee.   However, such a requirement may be appropriate in this case due to Plaintiff's lengthy litigation history and due to the fact that she files repetitive law suits against the same defendants for the same claims although previously adjudicated in favor of the defendants or dismissed as discussed *supra*.[8] The requirement to post

---

[8]Although this court has not had the opportunity to conduct a thorough review of the orders entered against Plaintiff in other districts, the court is aware that she has been warned on more than one occasion that continuing to file law suits against the same defendants for the same claims would result in the imposition of monetary sanctions.   See In re Ajuluchuku, Case No. MS05-5018 RBL (July 25, 2005); Ajuluchuku v. University of Massachusetts, C.A. No. 04-12473-DPW (April 29, 2005); Ajuluchuku v. Uhaul of Massachusetts, C.A. No. 04-12542-WGY (March 2, 2005).

26

a bond could also be predicated on Plaintiff's history of filing patently frivolous claims.

In addition to the costs and waste of judicial resources resulting from Plaintiff's abusive litigation, individuals named as defendants in Plaintiff's lawsuit face costs and expenses. Should Plaintiff pay the statutory filing fee as required to file a new civil complaint, any proceedings in the case would result in the named defendant(s) incurring significant costs and fees. If the case is subject to dismissal for any of the reasons stated *supra*, the defendants may be entitled to recovery of those fees and costs. As the Eleventh Circuit Court of Appeals stated in Bonfiglio v. Nugent, 986 F.2d 1391, 1394 (11th Cir. 1993), "The harm inflicted by vexatious litigation extends beyond systemic considerations. In bad faith lawsuits there are innocent parties who are victimized by abuses of the judicial system. Those innocent parties are forced to spend valuable time and other resources in defense of actions which clearly should never have been brought." Posting of a bond would ensure payment of any sanctions imposed for future abusive, frivolous law suits and is a tool that has been utilized by other courts to protect the victims of such litigation. See In re May, 2000 WL

27

1276943, *4 (S.D. Fla. August 31, 2000); <u>Jean v. Dugan</u>, 29 F. Supp. 2d 939, 941-42 (N.D. Ind. 1998); <u>Washington v. Alaimo</u>, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996).[9]

For the foregoing reasons and cited authority, the court **RECOMMENDS** that the District Court impose a restraining order on Plaintiff's filing of new civil complaints in this District by requiring the payment of the full statutory filing fee, accompanied by (1) a certification that neither the claims alleged nor the defendant(s) named therein have been the subject of a prior law suit filed or which Plaintiff attempted to file or are the subject of a pending law suit in any federal or state court and (2) a copy of the restraining order entered by the District Judge in this District and a copy of all other restraining orders entered in any district or state court. Although Plaintiff is entitled to notice and an opportunity to be heard prior to the imposition of the recommended restraining order, the "requirement may be met without an in-person hearing before the court." <u>Nutter</u>, 1997 WL 109973, *3. In accordance with the rules of this court, Plaintiff will be notified of the entry of this recommendation and allowed

---

[9]Also, should monetary sanctions be imposed as are being requested by the defendant in the law suit pending before the District Court, <u>Ajuluchuku v. National Distributing Company</u>, 1:05-cv-446 (N.D. Ga., District Judge Carnes), Plaintiff could be required to satisfy those sanctions prior to being permitted to file a new civil complaint in this district. <u>See Jean</u>, 29 F. Supp. 2d at 941-42.

28

the standard ten (10) days in which to file objections with the District Court.  This provision satisfies Plaintiff's rights to notice and an opportunity to be heard prior to entry of any final restraining order.

It is **ORDERED** that pending entry of a final order by the District Court on the recommendation to impose a restraining order, the provision requiring Plaintiff to pay the full statutory filing fee in the order entered October 13, 2005, remains in full force and effect.

**SO RECOMMENDED AND ORDERED** this 14th day of November, 2005.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

29